UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
ANDREW STEPHEN GABRIEL,

               Plaintiff,

        - against -

EXPERIAN INFORMATION SOLUTIONS,
INC.,

               Defendant.
--------------------------------------------------------x

**MEMORANDUM & ORDER**
22-CV-2174 (PKC) (MMH)

PAMELA K. CHEN, United States District Judge:

*Pro se* plaintiff Andrew Gabriel ("Plaintiff") brings this action against Defendant Experian

Information Solutions, Inc. ("Defendant") under several provisions of both the Fair Credit

Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. § 1692 *et seq.* (Compl., Dkt. 1, at ECF 4.)[1] While it is not readily apparent

what relief Plaintiff seeks, he asserts that Defendant has violated the FCRA 120 times, and that

each violation amounts to $1,000. (*Id.* at ECF 6.) Before the Court is Defendant's motion to

dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the

Court grants Defendant's motion to dismiss.

## BACKGROUND

Plaintiff's Complaint states his claim as follows:

The defendant has never reached out to me via mail or phone call to verify anything
on my consumer report. By placing these accounts/inquiries on my consumer
report it has negatively harmed me according to the Fair Credit Reporting Act. I
have sent out an affidavit of truth and they did not respond back with an affidavit.
Which means they have defaulted. I then sent out a Default and Opportunity to
cure and they have not given me my remedy.

---

[1] Citations to "ECF" refer to the pagination generated by the Court's electronic docketing
system and not the document's internal pagination.

(*Id.* at ECF 5.)  Plaintiff goes on to say that he has been denied credit cards because of "companies accessing private information from [Defendant] without [his] permission" and that he has suffered "mentally and emotionally" because he has not had access to certain benefits because of his consumer report.  (*Id.* at ECF 6.)

## PROCEDURAL HISTORY

Plaintiff filed his Complaint on April 19, 2022.  (Dkt. 1.)  On July 18, 2022, Defendant requested a pre-motion conference to discuss its anticipated motion to dismiss, which the Court denied as unnecessary, permitting Defendant to move forward with briefing.  (Dkt. 11, *see also* 8/4/2022 Docket Order.)  Defendant served Plaintiff with its motion to dismiss on September 2, 2023. (Dkt. 14.)  When Plaintiff failed to meet his October 6, 2022 deadline to oppose Defendant's motion to dismiss, the Court, in deference to Plaintiff's *pro se* status, *sua sponte* granted him an extension until October 31, 2022 to respond.  (*See* 10/17/2022 Docket Order.)  When Plaintiff again missed his October 31, 2022 deadline, the Court issued an order deeming Defendant's motion to dismiss unopposed.  (*See* 11/7/2022 Docket Order.)  On November 8, 2022, Defendant filed a letter explaining that it had received an October 31, 2022 email from Plaintiff in which he attached an "Affidavit of Truth" and UCC-1 acknowledgement that had been previously sent to Defendant.  (Dkt. 16, at 1.)  Defendant's letter went on to say that Defendant was "unsure whether Plaintiff intends for these documents to serve as his response to [Defendant's] motion to dismiss as he did not indicate [this] in his email."  (*Id.*)  Upon review of this letter and again in deference to Plaintiff's *pro se* status, the Court construed his October 31, 2022 email communications with Defendant as Plaintiff's opposition to the motion to dismiss.  (*See* 11/9/2022 Docket Order.)

## LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim for relief pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hogan v. Fischer*, 738 F.3d 509, 514 (2d Cir. 2013). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Hogan*, 738 F.3d at 514. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678; *see also Pension Benefit Guar. Corp. ex rel. St. Vincent Cath. Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 718 (2d Cir. 2013). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted).

In considering a motion to dismiss for failure to state a claim, courts "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678; *see also Pension Benefit Guar. Corp.*, 712 F.3d at 717 ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." (internal quotation marks and citations omitted)). "While legal conclusions can provide the framework of a complaint, they must be supported by

factual allegations." *Pension Benefit Guar. Corp.*, 712 F.3d at 717 (quoting *Iqbal*, 556 U.S. at 679).

In reviewing a *pro se* complaint, the Court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that "[e]ven after *Twombly*," courts "remain obligated to construe a *pro se* complaint liberally").

## DISCUSSION

### I.    Plaintiff's Failure to State an FCRA Claim

Plaintiff's Complaint alleges Defendant violated the following sections of the FCRA: 15 U.S.C. §§ 1681(a)(1)–(4), "1681(a)(b)" [sic], and 1681a(d)(2)(A)(i). (Dkt. 1, at ECF 4.) Plaintiff, however, cannot obtain any relief under these statutes.

First, Sections 1681(a)(1)–(4) of the FCRA are "merely part of the Congressional findings and statement of purpose underlying the FCRA," which do not give rise to claims under the statute. *See Rivera v. Equifax*, No. 22-CV-972 (MPS), 2022 WL 17370505, at *3 (D. Conn. Oct. 31, 2022). Second, there is no Section 1681(a)(b) of the FCRA.  It is possible Plaintiff meant to invoke Section 1681a(b), which defines the term "person" in the context of the statute, or to invoke Section 1681(b), which sets forth the requirement that credit reporting agencies "adopt reasonable procedures for meeting the needs of commerce for consumer credit[.]"  *See* 15 U.S.C. §§ 1681a(b), 1681(b).  Section 1681a(d)(2)(A)(i) of the FCRA, which Plaintiff also cites, states that a "consumer report" does not include any "report containing information solely as to transactions or experiences between the consumer and the person making the report."  15 U.S.C. § 1681a(d)(2)(A)(i).  These sections, which either set forth a reasonable procedures requirement on credit reporting agencies

(15 U.S.C. § 1681a(b)), or list an exception to the statute (15 U.S.C. § 1681a(d)(2)(A)(i)), also do not give rise to claims under the FCRA.

In addition to Plaintiff's failure to cite any relevant provision of the FCRA, he also seems to premise his claim on the assumption that Defendant has a duty to "reach out" "via mail or phone call to verify anything on [his] consumer report." (Dkt. 1, at ECF 5.) No such affirmative duty on the part of credit reporting agencies exists under the FCRA. *See Shostack v. Diller*, No. 15-CV-2255 (GBD) (JLC), 2015 WL 5535808, at *10 (S.D.N.Y., Sept. 16, 2015), *report and recommendation adopted*, 2016 WL 958687 (S.D.N.Y. Mar. 8, 2016) ("[C]ontrary to the conclusory allegations in the amended complaint, there is nothing in the FCRA that imposes an affirmative duty on [the defendant] to call [the plaintiff] before running his credit report to 'verify[] that the information that [it] received online was . . . valid . . . .'" (citation omitted)).

Finally, to the extent that Plaintiff provides his "Affidavit of Truth" as a means of asserting a claim under the FCRA (*see* Dkt. 19-1), the Court does not find this document—which contains vague and conclusory statements—clarifying with respect to Plaintiff's alleged injury.

Therefore, Plaintiff has failed to state a claim under the FCRA.

## II.     Plaintiff's Failure to State an FDCPA Claim

Plaintiff's Complaint alleges Defendant violated the following sections of the FDCPA: 15 U.S.C. §§ 1692d(2), 1692e(2)(A), 1692j(a)-(b). (Dkt. 1, at ECF 4.) These sections prohibit debt collectors from engaging in harassment or abuse, using false or misleading representations, or compiling and furnishing deceptive forms in connection with the collection of debts. "To establish a violation under the FDCPA, three elements must be proven: '(1) the plaintiff [must] be a "consumer" who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, (2) the defendant collecting the debt must be considered a "debt collector," and

(3) the defendant must have engaged in an act or omission in violation of the FDCPA's requirements.'" *Skvarla v. MRS BPO, LLC*, No. 21-CV-55 (ER), 2021 WL 2941118, at *2 (S.D.N.Y. July 12, 2021) (quoting *Derosa v. CAC Fin. Corp.*, 278 F. Supp. 3d 555, 559–60 (E.D.N.Y. 2017)).

Plaintiff alleges that Defendant has violated various provisions of the FDCPA but does not articulate exactly how it has done so. In response, Defendant argues that Plaintiff has failed to allege that it is a debt collector and that as a result, he has failed to state a claim for violation of the FDCPA. (Dkt. 18, at 5–6.)[2] The Court agrees.

Nowhere in his Complaint does Plaintiff allege that Defendant is a debt collector within the meaning of the FDCPA or that a third party is collecting a debt in Defendant's name.[3] *See Allah v. New Century Mortg. Corp.*, No. 06-CV-3031 (JG), 2006 WL 3196851, at *2 (E.D.N.Y. Nov. 4, 2006) (a company becomes subject to the FDCPA as a debt collector if there is an "indicat[ion] that a third person is collecting . . . debts" in its name). Accordingly, Plaintiff has failed to state an FDCPA claim against Defendant.

---

[2] According to Defendant, it is a credit reporting agency that does not collect debts, and therefore, does not fall into the category of "debt collector" under the FDCPA, but instead is a "consumer reporting agency" as defined in § 1681a(f). (Dkt. 18, at 5–6.) *Compare* 15 U.S.C. 1692a(6) (defining debt collector) *with* 15 U.S.C. § 1681a(f) (defining consumer reporting agency). However, on a motion to dismiss, the Court generally cannot consider facts proffered by a defendant; rather, it is the *absence* of any allegations in the Complaint about Defendant being a debt collector that dooms Plaintiff's Complaint.

[3] In Plaintiff's opposition papers, he says that Defendant is a debt collector "[a]ccording to the Gramm Leach Bliley Act." (Dkt. 19, at ECF 1.) Nowhere in this statute does the term "debt collector" arise. *See* 15 U.S.C. §§ 6801-09. Further, the Gramm Leach Bliley Act does not create a private right of action. *See Menton v. Experian Corp.*, No. 02-CV-4687 (NRB), 2003 WL 21692820, at *3 (S.D.N.Y. July 21, 2003).

**LEAVE TO AMEND**

"District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile." *Cabrera v. Experian*, No. 21-CV-8313 (LTS), 2021 WL 5166980, at *4 (S.D.N.Y. Nov. 5, 2021). Here, Plaintiff's central factual contention is that Defendant "never reached out" to him "via email or phone" to verify information on his account.  (Dkt. 1, at ECF 5.)  Because there is no affirmative duty in the law for a consumer reporting agency such as Defendant to reach out to consumers, no amendment could cure the Complaint's defects.  Because Defendant's alleged wrongdoing does not violate any cognizable causes of action, Plaintiff is denied leave to amend his Complaint.

**CONCLUSION**

For the reasons explained above, Defendant's motion to dismiss is granted and this case is dismissed for failure to state a claim upon which relief may be granted.  The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: September 12, 2023
        Brooklyn, New York

7